UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPORT DIMENSION, INC.,<br><br>Plaintiff,<br><br>-v-<br><br>ALIN, *et al.*,<br><br>Defendants. | 26 Civ. 3944 (JPC)<br><br>ORDER |

JOHN P. CRONAN, United States District Judge:

At 4:00 p.m. today, July 21, 2026, the Court held a hearing on Plaintiff Sport Dimension, Inc.'s motion for a preliminary injunction. For the reasons stated on the record at the hearing, Sport Dimension's motion for a preliminary injunction is granted. The terms of that injunction are set forth below:

1. Defendants ALIN, HaErBinYuKua, Jingfunidaodianzishangwu, Lilhowcy, mingmai, QIMING Co.Ltd, ShenZhenShi JiuZhiShuo Network Technology Co., Ltd, sunny, wunikou, xinlaifudian, Yichaomaoyi, and JuicyPenny ("Defendants") are temporarily enjoined and restrained from engaging in any of the following conduct:

   a. manufacturing, advertising, offering for sale, selling, distributing, destroying, selling off, transferring, or otherwise disposing of any products that have been advertised using the words "Paddle Pals" or "Paddle Pal" (the "Infringing Products");

   b. manufacturing, advertising, offering to sell, selling, reproducing, or distributing any goods utilizing the PADDLE PALS Mark (U.S. Trademark Registration No. 4,819,802), or the words "Paddle Pals" or

"Paddle Pal," other than genuine products manufactured or distributed by Sport Dimension or its authorized manufacturers and distributors;

c. destroying, selling off, transferring, or otherwise disposing of any documents, electronically stored information, or financial records or assets of any kind relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any Infringing Products;

d. using the PADDLE PALS Mark, or the words "Paddle Pals" or "Paddle Pal," on or in connection with any seller alias that any Defendant may own, operate, or control on any marketplace;

e. any and all use of the PADDLE PALS Mark, or the words "Paddle Pals" or "Paddle Pal," as metatags, on any webpage (including the title of any web page), in any advertising links to other websites, or in search engines' databases or cache memory, as well as any other form of use of such terms that are visible to a computer user or serves to direct computer searches to seller aliases registered, owned, or operated by any Defendant on any marketplace; and

f. altering, disabling, closing, or transferring ownership of any seller alias of any Defendant or any marketplace during the pendency of this action, or until further Order of the Court.

2. The Third Party Service Providers (meaning any online marketplace platform, including but not limited to Walmart, Temu, and any other service provider facilitating Defendants' online sales activities), banks, payment processors, and other financial service providers holding or processing Defendants' funds are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until

further order of the Court:

a. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any funds, property, or other assets held by or for the benefit of Defendants (“Defendants’ Assets”), except those unassociated with the sale of Infringing Products, as Defendants may demonstrate upon motion to this Court, from or to Defendants’ accounts until further ordered by this Court;

b. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, or any other records or evidence relating to Defendants’ Assets and Defendants’ accounts; and

c. knowingly instructing any person or business entity to engage in any of the activities referred to in subparagraphs 1(a) through 1(f) above.

3. The Third Party Service Providers are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

a. providing services to Defendants or their accounts or virtual storefronts on Walmart or Temu, including, without limitation, continued operation of such accounts and storefronts; and

b. knowingly instructing any person or business entity to engage in any of the activities referred to in subparagraphs 1(a) through 1(f) above.

4. Accordingly, the Third Party Service Providers are hereby ordered to disable offering of sales of the Infringing Products.

5. Sport Dimension is authorized to conduct expedited discovery on Defendants to

include serving interrogatories and requests for production of documents, pursuant to Rules 26 and 33, and 34 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern District of New York. Any Defendant who is served with this Order shall provide written responses under oath to such interrogatories and produce documents requested within seven days of service to Sport Dimension's counsel.

6. The $12,000.00 bond posted by Sport Dimension shall remain with the Court until a final disposition of this case or until this Order is terminated.

7. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on five business days' notice to Sport Dimension or on shorter notice as set by this Court.

SO ORDERED.

Dated: July 21, 2026
New York, New York

JOHN P. CRONAN
United States District Judge